**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAVON VAUGHNS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | Honorable Judge |
| | ) | |
| P.O. FIORDIROSA, individually, | ) | Magistrate Judge |
| and the VILLAGE OF MARKHAM, | ) | |
| a Municipal Corporation. | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, LAVON VAUGHNS, by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., complaining against the Defendants, P.O. FIORDIROSA, individually, and the VILLAGE OF MARKHAM, a Municipal Corporation, as follows:

## COUNT I – EXCESSIVE FORCE

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331, and supplemental Jurisdiction of the State of Illinois.

3. The Plaintiff, LAVON VAUGHNS, was at all relevant times a United States citizen and permanent resident of the State of Illinois.

4. The Defendant, P.O. FIORDIROSA, was at all relevant times duly appointed Markham Police Officer for the VILLAGE OF MARKHAM and was acting within the scope of his employment and under color of law.

1

5. On May 18, 2023, the Plaintiff was in the vicinity of W 162ND ST & Spalding Ave in Markham, Illinois.

6. The Plaintiff was not breaking any laws, committing any crimes, nor wanted under any warrant.

7. Defendant Officer P.O. FIORDIROSA pulled the Plaintiff over and initially stated he was speeding but then started questioning him about why he was at a house on the same block as a drug house.

8. The Defendant, P.O. FIORDIROSA, asked him if he had any drugs.

9. The Plaintiff said he did and showed his legal marijuana from a dispensary.

10. The Plaintiff produced license and insurance.

11. The Defendant demanded he exit the vehicle.

12. There was no probable cause that any crime was committed to order him from his vehicle.

13. The Plaintiff feared for his life and safety.

14. The Plaintiff requested a white shirt to the scene.

15. A Sergeant arrived on the scene and spoke to the officers.

16. The Sergeant informed the officers that there was no probable cause to order LAVON VAUGHNS from his vehicle.

17. The Chief arrived on the scene and spoke with the officer.

18. The Plaintiff was then dragged out of his vehicle.

19. The Plaintiff was tased despite several officers being on him.

20. The Plaintiff was handcuffed.

21. The Plaintiff LAVON VAUGHNS' right hand was broken by the manner he was handcuffed.

22. The force used by the Defendant Officer was excessive and unreasonable.

23. As a result of the actions of the Defendant Officer, the Plaintiff LAVON VAUGHNS was injured.

24. Said actions were intentional, willful, and wanton.

25. Said actions of Defendant, P.O. FIORDIROSA, violated the Plaintiff, LAVON VAUGHN'S, Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

26. As a direct and proximate consequence of Defendant, P.O. FIORDIROSA, above-described conduct, the Plaintiff, LAVON VAUGHNS, suffered violations of his constitutional rights, emotional anxiety, fear, pain, suffering, monetary loss and expense.

**WHEREFORE**, the Plaintiff, LAVON VAUGHNS, prays for judgment against the Defendant, P.O. FIORDIROSA, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II– FALSE ARREST

1-26. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-26 of Count I as his respective allegations of paragraphs 1-26 of Count II as though fully set therein.

27. To cover their unlawful actions, the Defendant charged the Plaintiff with five counts of resisting arrest and five counts of battery to a Police Officer.

28. The allegations and charges were false.

29. The Defendant proceeded with those charges knowing they were false.

30. The Plaintiff LAVON VAUGHNS had to have a criminal attorney to defend these false charges.

31. The charges were ultimately resolved in Plaintiff's favor.

32. The Defendant's actions constituted a violation of the Plaintiff's Fourth Amendment rights protected by 42 USC 1983 and enforced by the Fourteenth Amendment.

33. The actions of the Defendant was intentional, willful, and wanton.

34. As a result of the actions of the Defendant, the Plaintiff suffered fear, anxiety, pain and suffering, emotional distress, and money damages and expenses.

**WHEREFORE**, the Plaintiff, LAVON VAUGHNS, prays for judgment against the Defendant, P.O. FIORDIROSA, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – MALICIOUS PROSECUTION (STATE LAW)

1-34. The Plaintiff hereby realleges his allegations of paragraphs 31-27 of Count II as his respective allegations of paragraphs 1-25 of Count III as though fully set forth herein.

35. The actions of the Defendant constitute malicious prosecution under Illinois Law.

36. The actions of the Defendant were intentional, willful, and wanton to cover up the Defendant's illegal conduct.

37. As a result of the actions of the Defendant, the Plaintiff suffered fear, anxiety, pain and suffering, emotional distress, and money damages and expenses.

**WHEREFORE**, the Plaintiff, LAVON VAUGHNS, prays for judgment against the Defendant, P.O. FIORDIROSA, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT IV– VILLAGE OF MARKHAM/INDEMNIFICATION

1-37. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1-37 of Count I-III as his respective allegations of paragraphs 1-37 of Count IV as though fully set therein.

38. Defendant VILLAGE OF MARKHAM is a duly credited municipality of the state of Illinois.

39. Illinois law, 5 ILCS 350/2, provides that public entities are directed to pay any tort

judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. The Defendant, P.O. FIORDIROSA, were employees of the VILLAGE OF MARKHAM, acting within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should the Defendant, P.O. FIORDIROSA, be found liable for any of the acts alleged above, Defendant and/or the VILLAGE OF MARKHAM would be liable to pay the Plaintiff, LAVON VAUGHNS, any judgment obtained against said officers. Plaintiff prays for judgment against the individual Defendant Officer and Defendant VILLAGE OF MARKHAM for reasonable compensatory and punitive damages, as well as attorney's fees & costs.

## JURY DEMAND

The Plaintiff, LAVON VAUGHNS, hereby requests a trial by jury.

Respectfully Submitted,

LAVON VAUGHNS

By: */s/ Gregory E. Kulis*
One of Plaintiff's Attorneys

**Gregory E. Kulis (Atty. No. 6180966)**
**Gregory E. Kulis & Associates, Ltd.**
**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830 / f. (312) 580-1839**
**e. gkulis@kulislawltd.com**
**e. service@kulislawltd.com**